UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 23-1700-SVW (DFM) | Date: | July 24, 2023 |
|---|---|---|---|
| Title | Robert Hudson v. C. Pfeiffer | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On March 6, 2023, Petitioner Robert Hudson, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed.

I.  BACKGROUND

On July 25, 2008, a jury found Petitioner guilty of violation of California Penal Code §§ 664/187(A) (attempted first-degree murder) (count one); 246 (malicious or willful discharging of a firearm at an inhabited dwelling or occupied vehicle) (count two); and 245B (assault with a semiautomatic firearm) (count three). See Superior Court of California, County of Los Angeles, Criminal Case Summary (search by case number "LA055918"), https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (last accessed July 24, 2023); see also Petition at 2. On June 30, 2009, Petitioner was sentenced to: life imprisonment on count one; five years' imprisonment on count two; and 12 years' imprisonment on count three. See Superior Court of California, supra. The trial court enhanced Petitioner's sentence under Penal Code § 12022.53(d), which provides for an additional consecutive term of imprisonment where a person "personally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

and intentionally discharges a firearm and proximately causes great bodily injury . . . or death, to a person other than an accomplice" in the commission of certain felonies. See Petition at 2.

Petitioner appealed his conviction, and the Court of Appeal issued an opinion on September 21, 2010, affirming in part and remanding with further directions. See People v. Hudson, No. B217503, 2010 WL 3636717 (Cal. Ct. App. Sept. 21, 2010).[1] Specifically, the Court of Appeal affirmed the conviction, found that the trial court properly denied Petitioner's motion to dismiss and his motion for mistrial, but remanded to the trial court to correct certain errors in the abstract of judgment. See Hudson, 2010 WL 3636717, at *2-4.

Petitioner appealed his conviction to the California Supreme Court, and his petition for review was denied on November 23, 2010. See California Courts, Appellate Courts Case Information (search by case number "B217503" in "District 2"), https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (last accessed July 24, 2023). The Court of Appeal then issued a remittitur on December 3, 2010. See id.

In the instant action, Petitioner challenges his sentence, claiming that the trial court violated his due process rights. See Petition at 5-6. While the grounds for Petitioner's claim(s) are not explained clearly in the Petition, Petitioner appears to assert that: (1) in the amended abstract of judgment, the trial court erroneously entered Petitioner's life sentence for count one of his conviction as zero years and zero months, and, by doing so, the court rendered him permanently ineligible for parole under Penal Code §§ 3046(a) or (b); and (2) the trial court violated Petitioner's due process rights by enhancing his sentenced under Penal Code § 12022.53(d) because, by doing so, the court rendered Petitioner permanently ineligible for parole under Penal Code §§ 3046(a) or (b). See id.

**II.   DISCUSSION**

   A.  Second or Successive § 2254 Petition

Petitioner has previously filed a § 2254 petition in this district. See Hudson v. McEwen, No. CV 11-6659-AG AJW (C.D. Cal. filed Aug. 12, 2011). In that petition, Petitioner challenged his conviction on the grounds that "the prosecution failed to comply with its discovery obligations, and that the trial court's denial of his motion for dismissal as a sanction deprived petitioner of due process." Hudson, No. CV 11-6659-AG AJW, 2012 WL 6755272, at *2 (C.D. Cal. Oct. 9, 2012), report and recommendation adopted, 2012 WL 6755044 (C.D. Cal. Dec. 28, 2012). The district court issued its judgment denying the petition on December 28, 2019. See Hudson, 2012 WL 6755044. In the instant action, Petitioner challenges the same conviction. See Petition at 2.

---

[1] Petitioner confirmed in the Petition that he appealed his conviction, but the case numbers he provided correspond with two of his state-court habeas petitions, not the direct appeals of his conviction. See Petition at 2-3. The Court therefore relies on other publicly available records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "places strict limitations on the ability of a petitioner held pursuant to a state judgment to file a second or successive federal petition for writ of habeas corpus." Gonzalez v. Sherman, 873 F.3d 763, 767 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)). A petitioner must obtain an order from the court of appeals authorizing a second or successive petition before he may file such a petition in district court. See 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, 561 U.S. 320, 330-31 (2010). Any claim presented in a second or successive habeas petition under § 2254 that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1). Any claim presented in a second or successive habeas petition under § 2254 that was not presented in a prior application shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Petitioner has not obtained the requisite order from the Ninth Circuit authorizing him to file this Petition.[2] Accordingly, § 2244(b) appears to bar this action.

B. Statute of Limitations

Under AEDPA, a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. If a petitioner files a direct appeal to the highest state court but does not petition for writ of certiorari in the United States Supreme Court, the conviction becomes final ninety days after the state court issues its decision. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, the California Supreme Court denied Petitioner's petition for review on November 23, 2010. See California Courts, supra. There is no indication that Petitioner appealed his conviction to the United States Supreme Court. Assuming he did not, Petitioner's conviction became final ninety days after the California Supreme Court denied the petition for review. See Bowen, 188

---

[2] Moreover, while the Petition appears to assert new claims, the Court has doubts as to whether Petitioner can satisfy the requirements under § 2244(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

F.3d at 1158-59. However, Petitioner did not file the instant action until March 2023, years after his conviction became final.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, in addition to his prior federal habeas petition, Petitioner filed several habeas petitions in state court. See Superior Court of California, supra (noting petitions filed on October 14, 2015; March 22, 2022; May 4, 2022; March 24, 2023; March 27, 2023; and April 7, 2023). However, Petitioner has not demonstrated that he is entitled to statutory tolling or that such tolling would bring the instant action within the statute of limitations. On the contrary, it appears that Petitioner's state-court habeas petitions were not filed until after his conviction became final and thus would not entitle him to statutory tolling under AEDPA.[3] See Nino, 183 F.3d at 1006; see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (citation omitted)).

In the absence of any applicable tolling, § 2244(d)(1) appears to bar this action.

C. No Cognizable Habeas Claim

Finally, even if Petitioner were to obtain the requisite authorization from the Ninth Circuit to file his Petition and demonstrated that the Petition is timely, the Petition does not appear to assert a cognizable claim.

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

---

[3] In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citation omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014) (citation omitted). Here, Petitioner has not offered any explanation for his failure to file the instant Petition in a timely manner and therefore has not shown that he is entitled to equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). A petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Rather, to present a viable claim, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process . . . violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)).

Here, as noted above, Petitioner has not explained clearly what the grounds for his claim(s) are. Even construing the pleadings liberally, however, it appears Petitioner alleges nothing more than errors by the state court in connection with the application of state sentencing laws. See Petition at 5-6. Because the Petition fails to allege fundamental unfairness, it necessarily fails to state a cognizable federal habeas claim.

### III. CONCLUSION

**Petitioner is therefore ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed (1) as an improperly filed second or successive habeas petition; (2) as untimely under the statute of limitations; and (3) for failure to state a cognizable habeas claim.**

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute.** See Fed. R. Civ. P. 41(b).